FILED
2021 Sep-16  AM 09:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **RANDY PHILLIPS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  1:21-cv-00539-ACA** |
| | } | |
| **CHURCHILL CAPITAL** | } | |
| **CORPORATION IV, et al.,** | } | |
| | } | |
| **Defendants.** | } | |
| | } | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Randy Phillips filed this action on behalf of himself and similarly situated individuals or entities, asserting claims under Sections 10(b) and 20(a) of the Securities and Exchange Act ("Exchange Act") and Rule 10-b5 promulgated under the Exchange Act.  (Doc. 1).

Before the court are five timely motions for appointment as lead plaintiff and approval of lead counsel filed by the following individuals or entities:

(1)    Stephen Stanley and Gary Durrell (doc. 25);

(2)    Max Royal LLC, Seung R. Lee, Hee K. Lee, and Aaron Lan (collectively, the "CCIV Investor Group") (doc. 30)

(3)    Dr. Michael Howell (doc. 31);

(4)    Paradigm Business Park, LLC and Sichao Xu (doc. 33); and

(5)    Randy Phillips and Robin Seecharan (doc. 34).

For the reasons explained below, the court finds that Paradigm Business Park, LLC and Mr. Xu have the greatest financial interest in the relief sought by the class, and they otherwise meet the relevant requirements of Federal Rule of Civil Procedure 23.  In addition, no other member of the purported plaintiff class has submitted proof that Paradigm Business Park, LLC and Mr. Xu will not fairly and adequately represent the class or that they are subject to unique defenses rendering them incapable of adequately representing the class.

Accordingly, the court **GRANTS** Paradigm Business Park, LLC and Mr. Xu's motion for appointment as lead plaintiff and for approval counsel.  (Doc. 33).

The court **DENIES** the remaining motions for appointment of lead plaintiff and approval of counsel.  (Docs. 25, 30, 31, 34).

## I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Randy Phillips filed this putative securities class action against Defendants Churchill Capital Corporation IV ("CCIV")[1], Atevia, Inc. d/b/a Lucid Motors, Michael Klein, Jay Faragin, and Peter Rawlinson.  (Doc. 1).  According to the complaint, CCIV is a blank check company, also known as a special purpose acquisition company ("SPAC") that raises money to buy a private company,

---

[1] On September 7, 2021, Defendant, formerly known as Churchill Capital Corporation IV, filed a notice informing the court and parties that its name has changed to Lucid Group, Inc. (Doc. 44).  For sake of clarity, because the complaint refers to Lucid Group, Inc. by its former name, the court will do so as well for purposes of this opinion.

2

effectively taking that company public while avoiding the tradition initial public offering process. (*Id.* at ¶ 6). CCIV is a shell company as defined under the Exchange Act because it has no operations and nominal assets consisting almost entirely of cash. (*Id.*). Mr. Klein is the Founder, Chairman, CEO and Director of CCIV. (Doc. 1 at ¶ 8). Mr. Taragin is CCIV's Chief Financial Officer. (*Id.* at ¶ 9).

Lucid Motors is an American electric car company, founded in 2007. (Doc. 1 at ¶ 7). As of 2020, Lucid Motors was developing its first car, the Lucid Air. (*Id.*).

At the close of market on January 8, 2021, CCIV was trading at $10.03 a share. (Doc. 1 at ¶ 21). On January 11, 2021, Bloomberg News reported that Lucid Motors was in talks to go public through one of Mr. Kline's SPAC's. (*Id.*). Sources for the article said that the transaction could be valued at up to $15 billion. (*Id.*). At the close of business on January 11, 2021, CCIV's share price was $13.20. (Doc. 1 at ¶ 21). By January 22, 2021, the price per share of CCIV had risen to $22.34 due to leaks and rumors regarding a pending merger with Lucid Motors. (*Id.* at ¶ 22).

In February 2021, Mr. Rawlinson, Lucid Motors' CEO, told Forbes magazine that he "want[ed] to make at least 6,000 Airs at a new plant in Casa Grande, Arizona, this year, potentially generating $900 million of revenue.

Volume could top 25,000 units in 2022 as versions of Air priced at $77,000 arrive. Further growth is expected with the 2023 introduction of an electric crossover, tentatively named Gravity, followed by even cheaper and smaller models to compete with Tesla's top-selling Model 3." (Doc. 1 at ¶ 23).  Mr. Rawlinson also appeared on television news programs explaining his plans for Lucid Motors' growth in the electric car market, discussing rumors of a SPAC deal, and stating that Lucid Motors aimed for a spring 2021 delivery of its first vehicles.  (*Id.* at ¶¶ 24–25).  CCIV's stock price then closed at an all-time high of $58.05 on February 18, 2021.  (*Id.* at ¶ 25).

On February 22, 2021, the CCIV and Lucid Motors merger was announced; the transaction value was estimated at $11.75 billion; and CCIV's share price closed at $57.37. (Doc. 1 at ¶ 26).  That evening, Bloomberg News reported that Mr. Rawlinson announced production of the Lucid Air would be delayed until at least the second half of 2021, and details of the merger disclosed that Lucid Motors was projecting the production of only 557 vehicles in 2021, instead of the 6,000 it had announced before the merger with CCIV.  (*Id.* at ¶ 27–28).

The complaint alleges that in the months before the CCIV and Lucid Motors merger, the Defendants made false and misleading statements in order to artificially inflate CCIV's stock price, causing damage to Mr. Phillips and the other

putative class members who purchased CCIV securities in anticipation of the merger. (Doc. 1 at ¶¶ 1, 13, 33–34).

The complaint asserts two causes of action: (1) violations of Section 10(b) of the Exchange Act and Rule 10b-5 against all Defendants, and (2) violations of Section 20(a) of the Exchange Act against Mr. Kline, Mr. Faragin, and Mr. Rawlinson. (*Id.* at ¶¶ 41–46).

On May 5, 2021, Mr. Phillips published a statutorily required notice of this action in the Business Wire. (*See* Doc. 28 at 2). On May 6, 2021, a corrected version of the notice was published "due to multiple revisions." (*Id.*).

As the court previously found, the May 6, 2021 notice contained an inaccurate deadline for the filing of lead plaintiff motions. (Doc. 28 at 2). Accordingly, the court ordered Mr. Phillips to publish an amended notice on or before June 29, 2021, advising purported class members that they must file lead plaintiff motions within 60 days of publication of the amended notice, consistent with 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). (*Id.*).

The court also explained that as required by statute, the court would accept motions for appointment of lead plaintiff until 60 days after publication of the amended notice. (Doc. 28 at 3).

Mr. Phillips filed an amended notice on June 29, 2021, correctly informing putative class members had until August 30, 2021 to file motions for appointment as lead plaintiff. (Doc. 29).

Five different plaintiffs or groups of plaintiffs have now moved for appointment as lead plaintiff and for selection of class counsel. (Docs. 25, 30, 31, 33, 34).

## II.   DISCUSSION

### 1.   Appointment of Lead Plaintiff

The Private Securities Litigation Reform Act of 1995 ("PSLRA") establishes the procedure for appointment of a lead plaintiff "in each private action arising under this chapter that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). Under the PSLRA, there is a rebuttable presumption that the most adequate plaintiff is one who "has either filed the complaint or made a motion in response to a notice" and that "in the determination of the court, has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* at § 78-u4(a)(3)(B)(iii)(I). This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff [] will not fairly and adequately protect the

6

interests of the class; or [] is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* at § 78-u4(a)(3)(B)(iii)(II).

Each of the proposed lead plaintiffs either filed a complaint or made a motion in response to a notice. Therefore, the court turns to the question of which proposed lead plaintiff has the largest financial interest and whether that plaintiff will fairly and adequately represent the class.

Based on the evidence before the court, the various financial interest claimed by each proposed lead plaintiff is as follows:

| | |
|---|---|
| Stephen Stanley and Gary Durrell | $600,134.31 |
| CCIV Investor Group | $2,287,474.95 |
| Dr. Michael Howell | $362,634.47 |
| Paradigm Business Park, LLC and Sichao Xu | $3,174,632.83 |
| Randy Phillips and Robin Seecharan | $351,001.37 |

(Doc. 1-1; Doc. 25-5 at 2; Doc. 30-4 at 5; Doc. 32-2 at 2; Doc. 33-4 at 9; Doc. 35-1 at ¶ 5).

There is no dispute that plaintiffs Paradigm Business Park, LLC and Mr. Xu have the largest financial interest in the relief sought by the class. (Doc. 33-4 at 9; *see also* doc. 43; doc. 50; doc. 55; doc. 56).

7

In addition, Paradigm Business Park, LLC and Mr. Xu have shown that they meet the requirements of Federal Rule of Civil Procedure 23. In deciding a lead plaintiff motion, most courts generally consider only the typicality and adequacy prongs of Rule 23. *See e.g., Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 233 (E.D.N.Y. 2011) ("[O]f the four prerequisites to class certification, only two— typicality and adequacy—directly address the personal characteristics of the class representative.") (quotations omitted; alteration in original); *Miller v. Dyadic Intern., Inc.*, 2008 WL 2465286, at *6 (S.D. Fla. Apr. 18, 2000) (Of [Rule 23's] prerequisites, only two—typicality and adequacy—are relevant in deciding a motion for appointment of lead plaintiff."). The parties vying for appointment as lead plaintiff do not dispute that this is the standard. (*See* Doc. 25-1 at 7–8; Doc. 30-1 at 12–15; Doc. 31 at 5–6; Doc. 33 at 12–16; Doc. 50 at 4). Therefore, the court will examine just the typicality and adequacy requirements of Rule 23.

Typicality is met when the plaintiff has "the same interest and suffer[s] the same injury as the class members." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1275 (11th Cir. 2009). Paradigm Business Park, LLC and Mr. Xu's claims are typical of those of the proposed class because their claims arise from the same facts and involve the same theories of liability as those of other class members. (Doc. 1; Doc. 33 at 13). Specifically, they allege that the Defendants violated federal securities law by making false and misleading statements and by omitting

material facts which induced them to purchase CCIV securities at inflated prices. (Doc. 1; Doc. 33 at 13; Doc. 33-6 at ¶¶ 2–3).

The "adequacy of representation" analysis "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (quotations omitted). Paradigm Business Park, LLC and Mr. Xu have submitted evidence that demonstrates that they will protect the interests of the class, and no evidence before the court suggests that there is a conflict between the interests of Paradigm Business Park, LLC and Mr. Xu and the interests of the class. (*See* Doc. 33-2; Doc. 33-3; Doc. 33-6).

Accordingly, Paradigm Business Park, LLC and Mr. Xu are the presumptive lead plaintiffs. Mr. Phillips and Mr. Seecharan are the only plaintiffs who attempt to challenge this presumption. (*See* Doc. 50; Doc. 58; *see also* doc. 43; doc. 55; doc. 56).

Mr. Phillips and Mr. Seecharan concede that they do not have the greatest financial interest in the relief sought by the class. (Doc. 50 at 1). In addition, they do not expressly oppose appointment of Paradigm Business Park, LLC and Mr. Xu as lead plaintiffs. (*See generally id.*). Rather, citing *Burke v. Ruttenberg*, 102 F. Supp. 2d 1280 (N.D. Ala. 2000), they request that the court appoint them and their

counsel, Winston Cooks, LLC, as a committee of lead plaintiffs to steer this litigation. (*Id.* at 2, 8–10).

Mr. Phillips and Mr. Seecharan claim that appointment of a committee of lead plaintiffs is warranted because: (1) as currently pleaded, the class definition includes only plaintiffs who purchased common stock and warrants, and some portion of Mr. Xu's losses were sustained through options trading, not the purchase of common stock or warrants, and (2) the claims of "options traders may" be "atypical from individuals who believed Lucid's representations that the electric car future is here now and purchased their CCIV equity stakes after Lucid was disclosed as the target and being informed that thousands of vehicles would be rolling off assembly lines" in 2021. (Doc. 50 at 5) (emphasis added).

As an initial matter, the court has not located support in the text of the PSLRA for appointment of a "committee" of lead plaintiffs. *See* 15 U.S.C. § 78u-4. But even if the PSLRA permitted such an approach, it is not appropriate here.

In response to Mr. Phillips and Mr. Seecharan's first basis for the request for appointment of a lead plaintiff committee, Paradigm Business Park, LLC and Mr. Xu correctly note that the complaint begins by describing the putative class as "consisting of all persons and entities other than Defendants that purchase or otherwise acquired [CCIV] securities," and then later narrows the definition to

10

include only those individuals or entities that purchased common stock or warrants. (Doc. 57 at 5, quoting Doc. 1 at ¶ 1; *see also* Doc. 1 at ¶ 13). Paradigm Business Park, LLC and Mr. Xu submit that this inconsistency should be resolved in favor of the broader class definition. (Doc. 57 at 6). The court agrees.

Because the complaint contains two different class definitions, the court finds that favoring the more limited definition for purposes of selection of a lead plaintiff would disregard the rights of purported class members who purchased any CCIV securities within the relevant time frame and who meet the requirements of the broader definition. *See Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at *2 (N.D. Cal. Aug. 22, 2008) (rejecting one plaintiff's attempt to shorten the class period at the lead plaintiff stage because doing so would "disregard[] damages potentially suffered" due to the defendant's alleged misrepresentations).

However, even if the court were to accept the more restrictive class definition, all of Paradigm Business Park, LLC's $1,790,924.36 in losses are from purchases of CCIV common stock and $11,394,37 of Mr. Xu's losses are from purchases of CCIV warrants. (Doc. 33-2 at 3–4; Doc. 33-4 at 3). Mr. Phillips and Mr. Seecharan offer no argument or evidence regarding how Mr. Xu's additional options losses exclude him from membership in a class that includes only common stock and warrants purchasers or how that fact impedes his ability to represent the

class fairly and adequately as a lead plaintiff alongside Paradigm Business Park, LLC.

Mr. Phillips and Mr. Seecharan's second argument is based solely on speculation that the claims of "options traders *may*" be "atypical from" other class members.   (Doc. 50 at 5, emphasis added).   This hypothetical possibility is not sufficient to meet Mr. Phillips and Mr. Seecharan's burden of submitting "proof" that Paradigm Business Park and Mr. Xu "will not fairly and adequately protect the interests of the class" or that they are subject to unique defenses that render them "incapable of adequately representing the class."   *See* 15 U.S.C. at § 78-u4(a)(3)(B)(iii)(II).

Finally, in response to the motions for appointment as lead plaintiff, Mr. Seecharan argues that if the parties resolve this case through a negotiated settlement, the interests of lead plaintiffs who still hold CCIV stock may diverge from former shareholders like himself. (Doc. 50 at 6).  Therefore, Mr. Seecharan requests that the court permit him to represent a sub-class of plaintiffs who sold their CCIV stock.  (*Id.* at 10).  In support of this request, Mr. Seecharan cites an unpublished district court decision applying Third Circuit law to the issue of class certification.  (*Id.* at 6–8).  Even if Mr. Seecharan's position had merit—and the court is not making a finding that it does—the request is premature.  The court

does not have before it a motion for class certification.  Therefore, the court will not decide at this stage whether sub-classes might be appropriate.

To the extent Mr. Seecharan's request to represent a sub-class of plaintiffs who sold their CCIV stock is an attempt to rebut the presumption that Paradigm Business Park, LLC and Mr. Xu are the most appropriate lead plaintiffs, again, Mr. Seecharan offers no proof in support of his argument.  He merely speculates that the interests of class members who currently hold CCIV stock "may diverge" from those of former shareholders.  (Doc. 50 at 6).  This "what-if" scenario is not sufficient to sustain Mr. Seecharan's burden of proof under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Therefore, even if the PSLRA contemplated the creation of sub-classes at the lead plaintiff stage of the litigation, Mr. Seecharan has not shown how such an approach would promote efficient and effective control over prosecuting this action.

In sum, because Mr. Phillips and Mr. Seecharan have not submitted proof to overcome the rebuttable presumption that Paradigm Park, LLC and Mr. Xu are the most appropriate lead plaintiffs, the court will appoint Paradigm Park, LLC and Mr. Xu as lead plaintiffs.

### 2.    Appointment of Lead Counsel

The PSLRA grants authority to the lead plaintiff to "select and retain counsel to represent the class," subject to the court's approval.  15 U.S.C. § 78u-

4(a)(3)(B)(v).   Because the court has determined that Paradigm Business Park, LLC and Mr. Xu will be the lead plaintiffs, the court now considers whether to appoint their proposed lead counsel.  Paradigm Business Park, LLC and Mr. Xu have selected Labaton Sucharow LLP and Pomerantz LLP as lead counsel and Riley & Jackson as liaison counsel for the class.

Paradigm Business Park, LLC and Mr. Xu have shown that these firms have the skill, knowledge, experience, and resources to more than adequately pursue this action on behalf of the class.  (*See* Doc. 33-1; Doc. 33-7; Doc. 33-8; Doc. 33-9). Accordingly, the court approves Paradigm Busines Park, LLC and Mr. Xu's selection of class counsel.

## III.   CONCLUSION

For the reasons explained above, the court **DENIES** Stephen Stanley and Gary Durrell's motion for appointment as lead plaintiff.  (Doc. 25).  The court **DENIES** CCIV Investor Group's motion for appointment as lead plaintiff.  (Doc. 30).  The court **DENIES** Dr. Michael Howell's motion for appointment as lead plaintiff.  (Doc. 31).  The court **DENIES** Randy Phillips and Robin Seecharan's motion for appointment as lead plaintiff.  (Doc. 34).

The court **GRANTS** Paradigm Business Park, LLC and Sichao Xu's motion for appointment as lead plaintiff and for approval of selection of lead counsel. (Doc. 33).

The court **ORDERS** as follows:

1.      The court appoints Paradigm Business Park, LLC and Sichao Xu as lead plaintiffs to represent the interests of the Class.

2.      The court approves selection of Labaton Sucharow LLP and Pomerantz LLP as Lead Counsel and Riley & Jackson as Liaison Counsel for the Class.

3.      Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through other counsel designated by Lead Counsel:

a.      to coordinate the briefing and argument of any and all motions;

b.      to coordinate the conduct of any and all discovery proceedings;

c.      to coordinate the examination of any and all witnesses in depositions;

d.      to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

e.      to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

f.      to coordinate all settlement negotiations with counsel for Defendants;

g.      to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

h.      to coordinate the preparation and filings of all pleadings; and

i.      to supervise all other matters concerning the prosecution or resolution of the above-captioned action.

4.      No plaintiff may file a motion, request for discovery, or other pretrial proceeding without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery.  No settlement negotiations shall be conducted without the approval of Lead Counsel.

5.      Lead Counsel shall have responsibility for receiving and disseminating court orders and notices.

6.      Lead Counsel shall be the contact between plaintiffs' counsel and Defendants' counsel, shall serve as the spokespersons for plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Lead Counsel shall be the liaison between the court and plaintiffs and their counsel.

7.      **On or before October 18, 2021**, Lead Counsel shall file an amended complaint or file a notice designating a previously filed complaint as the operative complaint.

**DONE** and **ORDERED** this September 16, 2021.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

16