UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CCIV/LUCID MOTORS SECURITIES LITIGATION | Case No. 4:21-cv-09323-YGR<br><br>ORDER DENYING LEAVE TO AMEND AND DISMISSING THE ACTION<br><br>Dkt. No. 152 |

Before the Court is plaintiffs' motion for leave to amend. For the reasons given herein, the motion is denied. The Court granted leave to amend for the limited purpose of alleging additional facts that could show that defendant Rawlinson's statements about Lucid were materially relevant to purchasers of CCIV securities during the class period. Plaintiffs' attempt to do so under prevailing law fails. In sum, plaintiffs fundamentally disagree with the application of controlling law to this relatively unique circumstance. In many regards, the motion is more aptly characterized as a motion for reconsideration. Under either standard, and for the reasons stated herein, the motion is denied and the action is dismissed.

I.   BACKGROUND

The Court incorporates its description of the allegations underlying this case and the materiality analysis from its order granting dismissal ("Order"). (Dkt. No. 151.) To that it adds the following relevant background:

Defendants moved to dismiss the underlying complaint on multiple grounds, including that plaintiffs could not allege the element of materiality to support their Section 10(b) claims. Under the bolded heading, **"Plaintiffs Have Not Pleaded That the Alleged Misstatements Were Material or That Any CCIV Investor Could Reasonably Have Relied on Them,"** defendants

argued that plaintiffs could not show the alleged misrepresentations were material "at a time when no merger between the companies had been announced and, indeed, when it remained unconfirmed that the parties were even engaged in discussions." (Dkt. No. 113 at 24.) Critically, in their opposition, plaintiffs *ignored* this argument and failed to even acknowledge that materiality is an element of a Section 10(b) claim. (Dkt. No. 151 at 16 (Court's dismissal order stating "plaintiffs' opposition does not directly respond to this argument or acknowledge that materiality is an element of Section 10(b) claims").)[1] Defendants noted this oversight in their reply. (Dkt. No. 134 at 14.)[2] At the September 28 hearing on the motion to dismiss, plaintiffs, again, did not address the element of materiality.

In its Order, the Court found defendants' materiality argument dispositive both because of plaintiffs' failure to respond[3] and under the general "substantial likelihood" test. (Dkt. No. 151 at 16.) The Court also drew on the Supreme Court case *Basic Inc. v. Levinson*, 485 U.S. 224, 239 (1988) and other merger-specific authority, which had not been briefed by the parties. It articulated the standard set therein as follows:

> The context of this case is significant to the analysis. Generally, information is material under Section 10(b) where there is a "'substantial likelihood' that the information at issue would have been viewed by the reasonable investor as having significantly altered the total mix of information made available for the purpose of decisionmaking [sic] by stockholders concerning their investments*." In re Alphabet, Inc. Sec. Litig.,* 1 F.4th 687, 704 (9th Cir. 2021), *cert. denied sub nom., Alphabet Inc. v. Rhode Island*, 212 L.Ed.2d 233

---

[1] As noted in the Court's Order, plaintiffs referred to materiality in passing in their briefing on the issue of standing, but even there, they did not address how materiality could be shown where neither party to the merger had acknowledged the potential for the merger.

[2] "Plaintiffs do not meaningfully engage with Defendants' arguments that unconfirmed rumors about a possible merger cannot be material because no reasonable investor would rely on such speculation to make investment decisions. . . . Plaintiffs do not identify any case holding that a private company's statements about its own business are material to the decisions of reasonable people deciding whether to invest in a rumored, but unconfirmed, merger partner."

[3] Failure to address an argument raised in a motion is generally understood as a concession. *Reyes v. Wells Fargo Bank*, No. EDCV 17-909-JFW(KKX), 2017 WL 11568871, at *4 (C.D. Cal. Aug. 17, 2017) (collecting cases finding same).

2

(2022) (cleaned up). When assessing if information related to a potential merger is material, the fact finder must balance the "likelihood" or certainty the transaction will occur and the "magnitude" of the transaction. *Basic*, 485 U.S. at 232, 239 (1988). Evidence of certainty usually takes the form of "indicia of interest in the transaction at the highest corporate levels," such as "board resolutions, instructions to investment bankers, and actual negotiations between principals or their intermediaries." *Id*. at 239. The Ninth Circuit has suggested other indicia including "whether the information comes from an insider or some other source, [citation] [and] whether information concerning a potential acquisition is unaccompanied by specific quantification or otherwise implied certainty." *S.E.C. v. Talbot*, 530 F.3d 1085, 1097–98 (9th Cir. 2008) (cleaned up).

While there is no bright line rule for how much certainty is required to render a potential event material, circuit courts to address the issue have found that "merger discussions are generally not material in the absence of a serious commitment to consummate the transaction." *Employees' Ret. Sys. of Rhode Island v. Williams Companies, Inc.,* 889 F.3d 1153, 1168 (10th Cir. 2018); *see also Jackvony v. RIHT Fin. Corp.*, 873 F.2d 411, 415 (1st Cir. 1989). This Court agrees.

The Court found plaintiffs failed to allege that during the class period they were aware of any "indicia of interest" in the transaction that they could have reasonably relied upon in deciding to purchase CCIV securities. It "[could not] conceive of how plaintiffs could reasonably think a merger was likely when Lucid and CCIV had not even publicly acknowledged that a merger was being considered." (Dkt. No. 151 at 18.) Plaintiffs' allegations amounted to media rumors and public speculation that a merger was imminent. Though with the benefit of hindsight, we know those rumors became reality, that does not mean that they constituted the type of indicia of certainty required by the higher courts.

The Court gave plaintiffs leave to amend to meet the standard articulated by the Court. On January 30, 2023, plaintiffs filed the instant motion for leave to amend. (Dkt. No. 152.) The bulk of that motion is spent arguing with this Court's legal analysis. Plaintiffs also describe their proposed amendments, which fall into two categories. First, plaintiffs allege facts showing that a merger was being considered and seriously pursued privately by Lucid and CCIV during the class period. Importantly, plaintiffs have not added any allegations indicating such information was available to the public. Second, plaintiffs have added allegations based on experts who opine that

investors find the type of "evidence" presented by plaintiffs is material to investment decisions.

\* \* \*

"Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

The Court granted leave to amend for the limited purpose of alleging facts that could show that the alleged misstatements were material under the standard set forth in its Order. More specifically, the Court granted leave to allege that during the class period plaintiffs were aware of the kind of "indicia of interest" in the transaction required by the higher courts. Plaintiffs fail to do so. The proposed allegations regarding the seriousness with which Lucid and CCIV were *privately* pursuing the merger during the class period do not change what was publicly-known and capable of influencing plaintiffs' decision to purchase CCIV securities. The expert opinions alleging that investors rely on the kind of information alleged by plaintiffs, such as online articles, also miss the mark. The Court does not doubt that investors make decisions based on speculative information, but the higher courts require more to support an actionable Section 10(b) claim. Plaintiffs must allege they relied on "indicia of interest" in the transaction from the parties to the transaction, such as statements from the corporations and insiders. Plaintiffs have not done so.[4]

Even if treated as a properly-filed[5] motion for reconsideration, the motion fails. First, reconsideration is not appropriate to "'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Guenther v. Lockheed Martin Corp.*, 972 F.3d 1043, 1058 (9th Cir. 2020) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). Defendants raised the exact argument that this Court found dispositive

---

[4] While not essential to the Court's decision, the Court agrees with defendants that plaintiffs' position has concerning public policy implications. It would effectively create an affirmative duty on companies to constantly monitor and correct any unsubstantiated rumors from any external source to avoid Section 10(b) liability.

[5] These motions must be filed with leave of court. *See* L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.").

4

in their motion to dismiss; an argument plaintiffs ignored. Plaintiffs cannot now move *de facto* for reconsideration. *Guenther v. Lockheed Martin Corp.*, 972 F.3d 1043, 1058 (9th Cir. 2020).[6] Providing a second bite at the apple is judicially inefficient and prejudices the opposing party.

Second, plaintiff's legal arguments fail on the merits. Taking several of this Court's sentences out of context, plaintiffs falsely state that the Court found *Basic* requires allegations that the merger was certain to occur during the class period. As indicated above, that is simply false.

## II. CONCLUSION

The motion for leave to amend is **DENIED** and consequently, the case is dismissed. The court clerk is directed to close this case.

This order terminates Docket Number 152.

**IT IS SO ORDERED.**

Dated: June 29, 2023

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiffs imply in their reply to their motion to amend that they did not have the opportunity to address materiality on motion to dismiss because defendants had not explicitly referenced *Basic*. In addressing *Basic,* the Court was not deciding an issue that was not briefed as defendants explicitly raised argument regarding materiality. Moreover, by providing leave to amend, the Court afforded plaintiffs an additional opportunity to satisfy the standard.

5